UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| TWIN K CONSTRUCTION, INC., | ) |
| | ) |
| Plaintiff/Counter-Defendant, | ) |
| | ) |
| v. | ) No.: 3:21-CV-74-DCP |
| | ) |
| UMA GEOTECHNICAL CONSTRUCTION, INC., | ) |
| | ) |
| Defendant/Counter-Plaintiff, | ) |
| | ) |
| and | ) |
| | ) |
| CLAY BRIGHT, COMMISSIONER OF THE TENNESSEE DEPARTMENT OF TRANSPORTATION, | ) |
| | ) |
| Nominal Defendant. | ) |

## MEMORANDUM OPINION

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 20].

Now before the Court is UMA's oral motion for partial directed verdict made after Twin K rested its case-in-chief on April 14, 2022. The Court took the matter under advisement until the close of evidence. Accordingly, the Court has carefully considered the parties' arguments and the evidence admitted in this case, and the Court will **GRANT** UMA's oral motion for partial directed verdict pursuant to its claim under the Tennessee Prompt Pay Act.

Specifically, UMA requested that the Court enter a partial directed verdict on its claim that Twin K violated the Tennessee Prompt Pay Act ("TPPA" or "Act") by failing to deposit retainage into a separate, interest-bearing escrow account. UMA asserted that the undisputed evidence in this case shows that Twin K began withholding retainage in the amount of $118,540.30 on May 15, 2020 [Ex. 123, 124]. UMA argued that an email from Josh Hill, a Twin K employee, to Kaleb Howard, dated October 13, 2020, establishes that Twin K withheld at least $169,312.83 in retainage [Ex. 100].

In addition, UMA asserted that the undisputed evidence shows that Twin K did not open an escrow account until March 9, 2021 [Ex. 128]. UMA argues that even when Twin K opened the escrow account, however, it only deposited $85,000, which is not the full amount of retainage that was withheld. Thus, UMA concluded that it is entitled to the statutory damages in the amount of $300 for every day that Twin K did not deposit retainage in an escrow account, beginning on May 15, 2020, to the present.

Twin K argued that UMA asked for the retainage in this case so that UMA would not have to get a bond. Twin K asserted that UMA should have told Twin K that the money was supposed to be put in an escrow account and that Twin K was not aware of that requirement. Twin K acknowledged that it began withholding retainage in May 2020, but later in the fall of 2020, it reclassified the retainage to liquidated damages. Twin K argued that the Act allows general contractors to make two deductions: money that is owed to the general contractor and retainage. Twin K asserted that it reclassified the withheld retainage in order to offset the daily liquidated damages it was being assessed by the Tennessee Department of Transportation ("TDOT").

2

Case 3:21-cv-00074-DCP   Document 96   Filed 04/18/22   Page 2 of 5   PageID #: 1171

Federal Rule of Civil Procedure 50 governs judgments as a matter of law. Specifically, Rule 50 provides as follows:

> **(a) Judgment as a Matter of Law.**
>
> **(1)** *In General.* If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>
> **(A)** resolve the issue against the party; and
> **(B)** grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.
>
> **(2)** *Motion.* A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment.

Fed. R. Civ. P. 50. On a motion for judgment as a matter of law, the court must decide "whether the evidence is such, without weighing the credibility of the witnesses or considering the weight of the evidence, that there is substantial evidence from which the jury could find in favor of the party against whom the motion is made." *Hill v. McIntyre,* 884 F.2d 271, 274 (6th Cir. 1989) (citation omitted). "Only when it is clear that reasonable people could come to but one conclusion from the evidence should a court grant a motion for directed verdict." *Id.*

The TPPA allows general contractors to withhold payment and retainage from subcontractors. Tenn. Code Ann. § 66-34-303. Specifically, a general contractor may reasonably withhold payment or a portion of payment to the subcontractor if the contract allows such withholding. *Id.* The general contractor may also withhold a reasonable

3

amount of retainage in accordance with the parties' contract, and retainage must not exceed 5% of the contract price. *Id*.

The TPPA sets forth additional requirements for withholding retainage. Specifically, "the retained amount must be deposited in a separate, interest-bearing, escrow account with a third party which must be established upon withholding any retainage." Tenn. Code Ann. § 66-34-104(a). Establishing the escrow account "is mandatory, and shall not be waived by contract." Tenn. Code Ann. § 66-34-104(i). The damages for not complying with the above section are steep. The Act provides that should a party not comply with the above, that party shall pay the owner of the retained funds "an additional three hundred dollars ($300) per day as damages, not as a penalty, for each and every day that the retained funds are not deposited into an escrow account." Tenn. Code § 66-34-104(c). The Act also sets forth how to calculate such damages, explaining that "[d]amages accrue from the date retained funds were first withheld and continue to accrue until placed into a separate, interest-bearing escrow account or otherwise paid." *Id*.

In the present matter, the parties do not dispute that the Subcontract provides that Twin K will withhold retainage in the amount of 10%.[1] The parties also do not dispute that Twin K did not withhold retainage until May 15, 2020. [Ex. 123, 124]. In an email

---

[1] During oral argument on Defendant's motion for directed verdict, the Court inquired as to whether the parties' agreement of 10% violated the TPPA. As mentioned above, "[T]he retainage amount must not exceed five percent (5%) of the amount of the contract." Tenn. Code Ann. § 66-34-303; *see also* Tenn. Code Ann. § 66-34-103 (providing that construction contracts may provide for the withholding of retainage, but "the retainage amount may not exceed five (5%) of the amount of the contract.") As Defendant argued, however, the parties mutually agreed to 10%, and Plaintiff withheld 10% of retainage, and the TPPA provides that certain sections of the statute are not waivable. Tenn. Code Ann. § 66-34-701. The provisions stating that retainage cannot exceed 5% of the contract price are not included in Tenn. Code Ann. § 66-34-701.

4

Case 3:21-cv-00074-DCP   Document 96   Filed 04/18/22   Page 4 of 5   PageID #: 1173

dated October 13, 2020, Twin K acknowledges that it withheld retainage in the amount of $169,312.83. [Ex. 100]. While Twin K asserted that in Fall 2020, it decided to reclassify the retainage to liquidated damages that it was owed by UMA, the Court finds Twin K's attempt to reclassify retainage does not allow it to escape the requirement to place retainage in escrow. In addition, the Court finds that such an action thwarts the purpose of the TPPA. *Snake Steel, Inc. v. Holladay Constr. Grp., LLC,* 625 S.W.3d 830, 835 (Tenn. 2021) ("It is a remedial statute, designed to help protect individuals and entities timely recover the full amount of funds they have already earned.") (citation omitted). Here, the undisputed evidence shows that Twin K first withheld retainage on May 15, 2020, and that when it opened an escrow account on March 9, 2021, it did not deposit the full amount of retainage withheld. Accordingly, based on the undisputed facts, the Court finds Defendant's request well taken.

Accordingly, for the reasons explained above, the Court will **GRANT** UMA's partial directed verdict on its claim that Twin K failed to create a separate escrow account in violation of the Tennessee Prompt Payment Act.

                              ORDER ACCORDINGLY.

                              */s/ Debra C. Poplin*
                              Debra C. Poplin
                              United States Magistrate Judge