UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| TWIN K CONSTRUCTION, INC., ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | |
| ) | |
| v. ) | No.: 3:21-CV-74-DCP |
| ) | |
| UMA GEOTECHNICAL CONSTRUCTION, ) | |
| INC., ) | |
| ) | |
| Defendant/Counter-Plaintiff, ) | |
| ) | |
| and ) | |
| ) | |
| CLAY BRIGHT, COMMISSIONER OF THE ) | |
| TENNESSEE DEPARTMENT OF ) | |
| TRANSPORTATION, ) | |
| ) | |
| Nominal Defendant. ) | |

## MEMORANDUM OPINION

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 20].

Now before the Court is Twin K's oral motion for directed verdict. Specifically, Twin K requested that the Court enter a directed verdict on the following claims alleged in UMA's Counterclaim: (1) Count II, breach of good faith and fair dealing, (2) Count III, unjust enrichment, (3) Count IV, bad faith under the Tennessee Prompt Pay Act, and (4) injunctive relief.

UMA responded that it does not oppose a directed verdict on the breach of good faith and fair dealing claim, the unjust enrichment claim, and its request for injunctive relief. UMA agreed with Twin K that its claim for breach of good faith and fair dealing is not an independent claim. In addition, with respect to its unjust enrichment claim, UMA stated that this theory was pleaded

1

in the alternative, but now that the parties have stipulated and admitted the subcontract in this case, it no longer was pursuing an unjust enrichment claim. Finally, with respect to its request for injunctive relief, UMA stated that its request was rendered moot by the Court's Memorandum and Order [Doc. 74]. Accordingly, based on UMA's representations, the Court will **GRANT** Twin K's request for a directed verdict on UMA's breach of good faith and fair dealing claim, the unjust enrichment claim, and its request for injunctive relief.

Twin K also moved for directed verdict on UMA's claim for bad faith under the Tennessee Prompt Pay Act ("TPPA" or "Act"). Twin K asserted that reasonable minds can agree that it did not act in bad faith or reckless disregard when it did not put the retainage it withheld into escrow. Twin K stated that the evidence showed that it was not aware of that requirement. UMA opposed Twin K's request, asserting that Twin K withheld retainage and then tried to reclassify the retainage in order to offset liquidated damages Twin K was being assessed by the Tennessee Department of Transportation ("TDOT"). UMA stated that such actions establish bad faith.

With respect to UMA's bad faith claim, UMA originally asserted that a finding of bad faith entitles it to an award of attorney's fees. On April 18, 2022, the Court inquired as to whether attorney's fees are allowed pursuant to Tennessee Code Annotated § 66-34-104 because the statute does not mention an award of attorney's fees. In addition, the statute that UMA cited in support of its request for attorney's fees, Tenn. Code Ann. § 66-34-602, references violations for the non-payment of funds. Tennessee Code Annotated § 66-34-602 does not mention a contractor's failure to place retainage into an escrow account. UMA conceded that there is no provision provided in the TPPA that allows attorney's fees for a contractor's failure to place retainage into an escrow account. Given UMA's concession, the Court finds Twin K's request is moot as UMA is no

2

Case 3:21-cv-00074-DCP   Document 97   Filed 04/18/22   Page 2 of 3   PageID #: 1176

longer claiming an entitlement of attorney's fees and whether Twin K acted in bad faith for not placing retainage into a separate escrow account is no longer relevant.

ORDER ACCORDINGLY.

_____
Debra C. Poplin
United States Magistrate Judge